UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEUANG LOTAKOON NIRAVANH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ADRIANA DURHAM, et al.,<br><br>Defendants. | No. 2:23-cv-00713-DAD-DMC<br><br>ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 7) |

Plaintiffs Leuang Lotakoon Niravanh and Somsack Niravanh, proceeding *pro se*, initiated this civil action on April 18, 2023. (Doc. No. 1.) The matter is now before the court on the *ex parte* application for a temporary restraining order filed by plaintiffs on April 20, 2023. (Doc. No. 7.) For the reasons explained below, plaintiffs' *ex parte* application will be denied.

**BACKGROUND**

According to the allegations in the complaint, plaintiffs filed this lawsuit alleging that their property located at 7906 Churn Creek Road, Redding, California (the "property") was wrongly foreclosed upon. (Doc. No. 1 at 1.) Plaintiffs allege, among other things, that the foreclosure of the property is void because it was initiated by "an agent without standing" and because the notice of default letter was not properly signed by "the Trustee." (*Id.* at 1, 4–5.) The remaining allegations in the complaint are largely quotes of various legal authorities that appear

mixed together with some factual allegations that are predominately cast as legal conclusions. (*See id.* at 2–13.) However, there is a general dearth of factual allegations explaining the nature of the underlying dispute except that a foreclosure on the subject property appears to have occurred.

Plaintiffs also attached two exhibits to their complaint that are each a collection of documents related to the foreclosure of the property including a notice of default and election to sell dated April 26, 2019, a corporate assignment of deed of trust dated December 16, 2019, a notice of trustee's sale dated January 10, 2023, and a deed of trust dated May 19, 2006, among other related correspondence and documents.[1] (*Id.* at 14–44.) According to the notice of trustee sale, it appears that the property was to be sold at a public auction on February 6, 2023 at 11:00 a.m. by one of the named defendants in this action, The Mortgage Law Firm, PLC, the duly appointed trustee of the deed of trust for the property. (*Id.* at 23.) Both notices are signed by another named defendant in this action, Adriana Durham of The Mortgage Law Firm, PLC. (*Id.* at 17, 23.) However, there are no allegations in plaintiffs' complaint that the property at issue was in fact sold on February 6, 2023 or at any other time. Defendant PHH Mortgage Corporation appears to have been the mortgage servicer for the property in 2019 while defendant California Reconveyance Company is listed as the "Trustee" on the original deed of trust issued in 2006. (*Id.* at 17, 26.) However, aside from these scant references to the named defendants that the court has drawn from the attachments to the complaint, plaintiffs do not clearly articulate each defendant's particular role in the underlying (yet unexplained) dispute.

In their complaint, plaintiffs appear to assert eight claims: (1) violation of the Fair Debt Collection Practices Act; (2) violation of the Truth in Lending Act; (3) breach of contract; (4) violation of federal trust and lien laws; (5) wrongful foreclosure; (6) slander of title; (7) slander of credit; and (8) intentional infliction of emotional distress. (*Id.* at 13.) On April 20, 2023,

---

[1] The documents attached to the complaint concerning the property all state that the borrowers for the mortgage are plaintiff Leuang Lotakoon Niravanh and non-party Sommak Niravanh—plaintiff Somsack Niravanh is not a signatory or borrower to any of the mortgage documents. (Doc. No. 1 at 14–44.) In the pending application, plaintiff Somsack Niravanh states in a signed declaration that he is "the heir to the Estate of Sommak Niravanh." (Doc. No. 7 at 14.)

plaintiffs filed the pending *ex parte* application for a temporary restraining order "to force the Banks attorneys, the realtors, and/or the Property Management Companies to cease and decease [sic] all foreclosure and eviction efforts until the title dispute pending in this court can be settled."[2]  (Doc. No. 7 at 1.)

## LEGAL STANDARD

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.").  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[3]  The party seeking the injunction bears the burden of proving these elements.  *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009).  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

---

[2] It is unclear if the "title dispute" that plaintiffs refer to in their pending application is the subject of this civil action or some other action filed by plaintiffs.

[3] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for Wild Rockies*, 632 F.3d at 1134.  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

A temporary restraining order may be issued without notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also* Local Rule 231(a) ("Except in the most *extraordinary of circumstances*, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.") (emphasis added). As the Supreme Court has noted, an *ex parte* temporary restraining order is justified in very limited circumstances:

> The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (internal citation omitted).

**ANALYSIS**

Here, plaintiffs have failed to meet their burden under Federal Rule of Civil Procedure 65(b)(1) and therefore have not established that they are entitled to the extraordinary relief requested. In a joint declaration signed by both plaintiffs and dated April 20, 2023, plaintiff Somsack Niravanh declares that he "telephoned defendant [The Mortgage Law Firm] at her [sic] place of business to inform them of this application, but could not personally contact them." (Doc. No. 7 at 15.) Plaintiff Somsack Niravanh also states in the declaration that he "left a message with their answering service" and has not received a call from them. (*Id.*) Plaintiff Somsack Niravanh further declares that he has "attempted to locate the defendant's residence and present whereabouts without success"—without any reference to which of the four defendants he is referring to—and that he has "no knowledge of any attorney who may presently represent the

4

defendants, and ha[s] attempted to learn this without success." (*Id.*) Plaintiffs, however, have not indicated whether they have properly served their complaint on any defendant, and this court is unable to conclude whether any defendant is aware of this lawsuit at all. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130–32 (9th Cir. 2006) ("[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO."); *Silas v. Select Portfolio Servicing, Inc.*, No. 1:17-cv-00012-DAD-JLT, 2017 WL 117889, at *2 (E.D. Cal. Jan. 11, 2017) (denying an *ex parte* application to halt a public sale of property scheduled the following day because the plaintiff did not meet his burden under Rule 65(b)(1) by merely informing defendant of his intent to file an *ex parte* application and faxing a copy of it to defendant's ombudsman).

In addition, plaintiffs have not clearly shown in their joint declaration that an immediate and irreparable injury will result before defendants can be heard in opposition to the pending application. Fed. R. Civ. P. 65(b)(1). Although plaintiffs vaguely mention "eviction efforts" in the pending application, plaintiffs do not identify any specific imminent and irreparable harm in the declaration attached to the pending application. Plaintiff Somsack Niravanh only stated in his declaration that "on February 6, 2023 [he] was informed of defendant's imminent conduct as set forth in the complaint" (Doc. No. 7 at 15), but there is no explanation regarding what "imminent conduct" was expected to occur or when. Moreover, the pending application was not filed until over 10 weeks after plaintiff Somsack Niravanh was, by plaintiffs' own admission, notified of the "imminent conduct" and plaintiffs have not explained the reason for this 10-week delay. That unexplained delay in seeking immediate injunctive relief also militates against a finding of irreparable harm and against the issuance of a temporary restraining order. Moreover, plaintiffs have not presented any evidence to this court that denial of an *ex parte* temporary restraining order would result in irreparable injury to them for which legal remedies, such as monetary damages, are inadequate. In fact, plaintiffs' pending application states that they are seeking $4.5 million in damages. (Doc. No. 7 at 2.) Thus, plaintiffs have failed to satisfy their burden under Rule 65(b)(1).

Even if the court were to accept that reasonable attempts have been made to provide defendants notice of this case and the pending request for injunctive relief, or that there is

evidence that an imminent and irreparable injury will occur to plaintiffs, plaintiffs have still failed to show that the relief they seek is appropriate at this time.  The bulk of plaintiffs' complaint and application are devoted merely to recitations of various legal authorities and conclusory factual contentions that do not clearly describe the dispute or the specific conduct by defendants that plaintiffs contend is unlawful.  (*See generally* Doc. Nos. 1, 7.)  As best the court can tell, one of plaintiffs' main arguments appears to be that the trustee who foreclosed on the property—defendants The Mortgage Law Firm and Adriana Durham—did not have authority to do so.  (Doc. No. 7 at 1–2.)  However, that argument is contradicted by the documents attached to the complaint, such as the notice of default and election to sell date April 24, 2019 and the notice of trustee sale dated January 10, 2023, indicating that defendant The Mortgage Law Firm was the property's trustee when the foreclosure occurred.  (Doc. No. 1 at 17, 23.)  Moreover, although plaintiffs purport to assert that the property was wrongly foreclosed upon, plaintiffs have not alleged in their complaint that the property has in fact been sold yet, which is a necessary predicate to bringing a wrongful foreclosure claim.  *See Zinnel v. CitiMortgage, Inc.*, No. 2:10-cv-02406-GEB-DAD, 2010 WL 3715079, at *3 (E.D. Cal. Sept. 16, 2010) ("Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale that has already occurred.  Because plaintiff's house has not yet been sold, a claim for wrongful foreclosure is not yet ripe.") (citation omitted).  At bottom, plaintiffs cannot satisfy their burden under *Winter* because they have not clearly articulated the factual bases for their claims or offered evidence in support, let alone argued why they are likely to succeed on the merits of those claims.  *See Tavake v. Chase Bank*, No. 1:12-cv-0041 KJM-GGH, 2012 WL 117146, at *2 (E.D. Cal. Jan. 13, 2012) (denying a *pro se* plaintiff's motion for a temporary restraining order after reviewing plaintiff's complaint and motion together and concluding that plaintiff "presented no evidence that she is likely to succeed on the merits or that there are serious questions going to the merits").  Thus, the court concludes that plaintiffs have not shown in their *ex parte* application that they are likely to succeed on the merits of their various claims.

/////

/////

6

**CONCLUSION**

For the reasons explained above, plaintiffs' *ex parte* application for a temporary restraining order (Doc. No. 7) is denied.

IT IS SO ORDERED.

Dated:  **April 21, 2023**                                   _____
                                                                                  UNITED STATES DISTRICT JUDGE